IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Shomial Ahmad**<br><br>  Plaintiffs,<br><br>   v.<br><br><br>**Richard M. Burr, Kelly Loeffler and James M. Inhofe**<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. 1:20-cv-01332-WMR |

## **STANDING ORDER REGARDING CIVIL LITIGATION**

This case has been assigned to Judge William M. Ray, II. The purpose of this Order is to inform the parties and their counsel of the Court's policies, procedures, and practices. It is issued to promote the just and efficient determination of the case. This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case.

1

**SECTION**                                                      **PAGE**

I.     Case Administration                                          4
       a.    Contacting Chambers                                    4
       b.    Transcripts                                            4
       c.    Attorneys                                              5
             i.     Admission of Counsel Pro Hac Vice               5
             ii.    Electronic Registration for All Counsel         5
             iii.   Leaves of Absence                               6
             iv.    Withdrawal or Substitution of Counsel           6
             v.     Corporate Representation                        6
       d.    *Pro Se* Litigants                                     7
       e.    Courtesy Copies                                        10
       f.    Proposed Orders                                        11
II.    Case Management                                              11
       a.    Conferences                                            11
       b.    Discovery                                              11
             i.     Discovery Responses-Boilerplate and
                    General Objections                              11
             ii.    Discovery Timing                                13
             iii.   Discovery Disputes                              13
       c.    Consent Protective Confidentiality Orders and
             Filing Documents Under Seal                            14
       d.    Brief Nomenclature                                     16
       e.    Electronic Filing of Exhibits and Attachments          16
       f.    Motions for Temporary Restraining Orders
             and Preliminary Injunctions                           17
       g.    Motions for Summary Judgment                           17
             i.     Record References                               17
             ii.    Statement of Material Facts and Response        18
       h.    Requests for Oral Argument on Motions                  18
       i.    Proposed Findings of Fact and Conclusions
             of Law                                                 19

j.     Pretrial Order                                    19
k.     Pretrial Conference, Motions *in Limine,*
       *Daubert* Motions                                 20
l.     Courtroom Technology                              21
m.    Jury Trial                                         22
n.    Jury Charges                                       27

## I.   CASE ADMINISTRATION

### a.   <u>Contacting Chambers</u>

Sherri Lundy is your principal point of contact on matters related to this case. Where possible, communications with Ms. Lundy should be as follows:

> Ms. Sherri Lundy
> Judicial Assistant
> 2121United States Courthouse
> 75 Ted Turner Dr., SW Atlanta, GA 30303-3309
> Sherri_Lundy@gand.uscourts.gov (preferred method)
> (404) 215-1481

Neither the parties nor their counsel should discuss the merits of the case with Ms. Lundy or any of the Court's law clerks.

### b.   <u>Transcripts</u>

Communication regarding transcripts should be directed to the Official Court Reporter, Wynette Blathers, at Wynette_Blathers@gand.uscourts.gov or (404) 215-1547. If any party desires daily copy or rough draft copy of a proceeding, that party must contact Ms. Blathers at least two weeks before the proceeding.

c.    **Attorneys**

i.    **Admission of Counsel Pro Hac Vice**

In the event that lead counsel has been admitted pro hac vice, local counsel is required to be familiar with the case and may be called upon to attend hearings or participate in conferences on behalf of the lead counsel.

ii.    **Electronic Registration for All Counsel**

All counsel — including counsel admitted pro hac vice — must register and participate in the Court's electronic filing system, CM/ECF (Case Management/Electronic Case Filing). Standing Order 04-01 states,

> Effective July 15, 2005, absent good cause shown and the permission of the Court, attorneys in good standing admitted to practice before the Bar of this Court, to include attorneys admitted pro hac vice, will file, sign, and verify documents only by electronic means to the extent and in the manner authorized by this Standing Order, Local Rule 5.1 A. NDGa., and the administrative procedures attached hereto as Exhibits A and B, Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil and Criminal Cases in the United States District Court for the Northern District of Georgia (Administrative Procedures).

### iii.    Leaves of Absence

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave of absence. Leave requests shall comply with Local Rule 83.1, NDGa.

### iv.    Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change of its status. Counsel should comply with Local Rule 83.1, NDGa, when substituting or withdrawing as counsel. Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved.

### v.    Corporate Representation

Corporate entities must be represented in court by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia. Local Rule 83.1, NDGa, states:

> a corporation may only be represented in court by an attorney, that a(n) attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party.

6

Failure to comply with this rule can result in dismissal of a corporation's complaint or default being entered against the corporation.

### d.   *Pro Se* Litigants

Parties proceeding pro se (without an attorney) are advised that they must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR, NDGa"). Pro se parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court ("Clerk's Office") located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia. Many documents are also available on the Court's website at www.gand.uscourts.gov. Prose litigants may also utilize the law library located on the 23rd floor of the United States Courthouse.

Counsel and parties representing themselves are prohibited from engaging in ex parte communications with the Court or the Court's staff, except as to scheduling matters and procedures. "Ex parte communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel.  This includes, but is not limited to,

telephone calls, written correspondence, or in-person contact by one party or party's counsel. If counsel or a pro se litigant seeks court action, the appropriate procedure is to put the request in writing in the form of a motion, file the motion with the Clerk's Office, and serve the opposing party or party's counsel. See FED. R. CIV. P. 5; LR 5.1-5.2, NDGa; see also LR 7.4, NDGa ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion.").

The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party unless expressly directed to do so by the Court. The Court will only direct the Clerk or the U.S. Marshals Service to serve in the following instances: (1) in the event a plaintiff is granted leave to proceed in *forma pauperis* (without pre-payment of fees) and survives a frivolity review, the Court will direct the Clerk to prepare (and deliver to the U.S. Marshals Service if necessary) a service package containing the case initiating document(s), or (2) in exceptional circumstances under the Court's discretion. The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website (www.napps.org).

A pro se plaintiff is (1) to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the Complaint, and (2) is further REQUIRED to SERVE upon the defendant(s) or counsel for the defendant(s) by mail or by hand delivery, under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendants or their counsel. The Court shall disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Pro se parties are further REQUIRED to keep the Court advised of their current address at all times during the pendency of the lawsuit. Local Rule 83.l(D)(3) provides that counsel and parties appearing pro se, in all cases, have a duty to notify the Clerk's Office by letter of any change in address and/or telephone number. Per this rule, "[a] failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management

of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default."

    **e.**    **Courtesy Copies**

Parties frequently forward copies of motions or other filings directly to chambers for the Court's convenience.  Courtesy copies are not required, except for emergency motions filed pursuant to Local Rule 7.2(B), and motions for temporary restraining orders and/or preliminary injunctions. Courtesy copies of motions for summary judgment that have voluminous exhibits may be submitted to chambers. Courtesy copies of such emergency motions, motions for temporary restraining orders, and/or motions for preliminary injunctions should be hand-delivered to chambers in Room 1721 on the 17th floor of the Richard B. Russell Federal Building. Courtesy copies of motions for summary judgment that have voluminous exhibits may be either hand-delivered to chambers in Room 1721 or submitted via regular mail to the attention of the Courtroom Deputy Clerk at the address provided above.

**f.**   **Proposed Orders**

For all consent, unopposed, or joint motions, the filing party shall include therewith a proposed order granting the motion.

## II.   CASE MANAGEMENT

**a.**   **Conferences**

Scheduling, discovery, pretrial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference with the Court when counsel believes that a conference will be helpful, and counsel have specific goals and an agenda for the conference. Conferences may be requested by contacting Ms. Lundy.

**b.**   **Discovery**

**i.**   **Discovery Responses – Boilerplate and General Objections**

Boilerplate objections in response to discovery requests are strictly prohibited. Parties should not carelessly invoke the usual litany of rote objections; i.e., attorney-client privilege, work-product immunity from

discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited; i.e., a party shall not include in a response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery; e.g., attorney-client privilege, work-product immunity from discovery, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery response must be met with every specific objection thereto-but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request, but then responds to the request, must indicate whether the response is complete; i.e., whether additional information or documents would have been provided but for the objection(s). For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and

without waiving them, the response is as follows ... " unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### ii.   Discovery Timing

All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period. The Court typically will not compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended. Potential expert witnesses must also be identified early enough to allow said witness to be deposed within the discovery period.

### iii.   Discovery Disputes

Prior to filing a discovery motion, the movant-after conferring with the respondent in a good faith effort to resolve the dispute by agreement-should contact Ms. Lundy and advise her that the movant seeks relief with respect to a discovery matter. Ordinarily, Ms. Lundy will request that each side submit a brief statement of the issues (no more than 3 pages). The Court will either decide the matter based on the submissions, schedule a conference call with counsel, or authorize counsel to file a formal motion.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions. Counsel should call Ms. Lundy to request that the Court hear the objections.

### c.   Consent Protective Confidentiality Orders and Filing Documents Under Seal

The Court disfavors the excessive use of consent protective confidentiality orders that allow counsel to designate documents, tangible things, and information as "Confidential" and/or "Confidential - For Attorney's Eyes Only." While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used-and abused-more often than truly necessary.

As a guide to counsel, the Court notes that documents, tangible things, and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act.

If the parties find that a consent protective confidentiality order is necessary, the following language should be included (and shall be deemed included) therein:

> Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in section II.c. of the Court's Standing Order Regarding Civil Litigation.

Those procedures are as follows. For documents filed other than during a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal that lists the document(s) that counsel wants filed under seal and a proposed order granting the motion. The documents that counsel wishes to be sealed should be provisionally filed on CM/ECF, per the directions set out in Procedures for Electronic Filing Under Seal in Civil Cases on the Court's website under "Electronic Case Filing Info."  (See also Appendix H to the Local Rules.) Counsel should not send paper copies of the documents to chambers or to the Clerk's office.

For tangible things other than documents, the parties shall deliver the items to Ms. Lundy in chambers, along with a proposed order permitting the tangible things to be filed under seal.

### d.   <u>Brief Nomenclature</u>

Briefs should be titled and entered on CM/ECF as follows. The initial brief of a movant should be titled "Brief in Support of [state the motion]." The brief of the responding party should be titled "[name of respondent]'s Response in Opposition to [state the motion]." The reply of the moving party should be titled "Reply in Support of [state the motion]." Though surreplies should not be filed in the normal course, if the Court authorizes a reply, it should be titled "[name of party filing the surreply]'s Surreply to [name of motion]."

### e.   <u>Electronic Filing of Exhibits and Attachments</u>

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making its ruling. For example, the Court would prefer to have documents

uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than Ex. A., Ex. B, and Ex. C.

### f.      Motions for Temporary Restraining Order or Preliminary Injunction

Any request for a temporary restraining order or for preliminary injunctive relief must be made by separate motion. A request for temporary restraining order or preliminary injunction found only in the complaint will not be considered. After filing an appropriate motion, the movant must contact Ms. Lundy to request expedited consideration and/or a herein thereon.

### g.      Motions for Summary Judgment

#### i.      Record References

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. When filing a brief in support of or in opposition to a motion for summary judgment, the party shall simultaneously file the original transcript of each deposition referenced in the brief. The party should include in the brief, immediately following the deposition reference, a citation indicating the page

and line numbers of the transcript where the referenced testimony can be found. The party should also attach to the brief a copy of the specific pages of the deposition that are referenced in the brief. The party should not attach to the brief a copy of the entire deposition transcript.

### ii.    Statement of Material Facts & Response

In addition to following the form instructions set out in Local Rule 56.l(B), a party responding to a statement of material fact shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following. Each party shall file its documents in text-searchable PDF format.

### h.    Requests for Oral Argument on Motions

In accordance with the Local Rules, motions may be decided without oral argument, but the Court may order oral argument on any issue which it believes a hearing would be helpful and will consider any request for hearing. Moreover, the Court shall grant a request for oral argument on a contested,

substantive motion if the request states that a lawyer who is less than seven years out of law school will conduct the oral argument on at least one substantial issue in the case, it being the Court's belief that young lawyers need more opportunities for Court appearances than they usually receive. Motions to dismiss and motions for summary judgment will be noticed for hearings to occur at least forty-five (45) days after the filing date. If an amended pleading is filed, attorneys should docket a "Withdrawal of Motion" as to any mooted motions.

### i.     Proposed Findings of Fact and Conclusions of Law

When counsel is required to submit proposed findings of fact and conclusions of law, see LR 16.4(B)(25), NDGa, in addition to electronically filing the same, counsel should provide an electronic copy thereof in text-searchable PDF format to the law clerk assigned to the case.

### j.     Pretrial Order

If a motion for summary judgment is pending, the proposed consolidated Pretrial Order ordinarily is required to be filed within thirty (30)

days after the entry of an order ruling on the motion for summary judgment, unless a specific date is set.

The statement of contentions in the Pretrial Order governs the issues to be tried, except that the Plaintiff(s) is not allowed to enlarge the claims asserted or change the nature of said claims from those asserted in the Complaint, or any amendment thereof, if any other party objects. New, different, or additional claims normally must only be added pursuant to an amended complaint. In listing witnesses or exhibits, a party may not reserve the right to supplement their list, nor may a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, unless it is necessary to allow it to be introduced to prevent a manifest injustice.

### k.    Pretrial Conference, Motions *in Limine*, *Daubert* Motions

The Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried and to rule on motions in limine and Daubert motions.

Motions in limine and Daubert motions must be filed at least fourteen

(14) days before the pretrial conference. Responses to the motions are due seven (7) days before the pretrial conference.

### l.   **Courtroom Technology**

Our courtroom has various electronic equipment for use by counsel at trial. For more information on the equipment or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk Ms. Lee. It is the parties' responsibility to make sure they know how to use the available equipment, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a blue attorney ID card issued through the U.S. Marshals Service who would like to bring into the courthouse electronic equipment, such as a laptop computer or cell phone with a camera, must submit to the Court a proposed order allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought.  This should be done not less than three (3) business days prior to the hearing or trial to allow for proper notification to the U.S. Marshals Service.

### m.    Jury Trials

The Court usually is in session from 9:30 a.m. until 5:00 p.m. There will be a fifteen (15) minute recess mid-morning and again mid-afternoon, as well as a lunch break.  Counsel should be present each day of trial at 9:00 a.m.

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently. If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.

Voir dire will be conducted as follows. In civil cases that are not expected to last more than two (2) weeks, the Court will normally empanel eight (8) jurors, none of whom will serve as an alternate. (If the trial is estimated to last less than one (1) week, then seven (7) jurors might be used). The panel from which the eight (8) will be selected will normally consist of twenty (20) prospective jurors. If counsel anticipate the need for a larger panel, e.g., in cases with media attention or in cases involving a mutual insurance company (which may be owned in part by one or more panel members), counsel should alert the Court promptly upon calendaring of the case for trial.

The jurors will enter the courtroom and be seated in the order listed on the juror list. The Court will briefly inform the jury of the name and nature of the case, and will then collectively ask the jurors a list of qualifying questions. The Court will then allow each party to conduct general voir dire by asking questions collectively to the entire panel.  Thereafter, the parties will be allowed to question each juror individually.  Each juror will be identified by name (one at a time), and then counsel for each side will be allowed to ask questions to said juror.

The jury will then be excused from the courtroom for a ten-minute recess. Once the jury is excused, the parties shall make motions to strike any juror(s) for cause. Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief, follow-up questions to any particular juror(s). After the Court rules on any such requests, the jury will be brought back into the Courtroom. After the attorneys ask the follow-up questions (if any), counsel shall strike the jury. Each side shall be entitled to three (3) peremptory strikes. The Courtroom Deputy Clerk will pass the peremptory strike sheet back and forth between counsel, beginning with plaintiff, and counsel will write one juror number to be stricken. This will continue until each side has exercised its allotted strikes. At this time, counsel

may make motions challenging the makeup of the jury at a sidebar. Once any such motions are resolved, the Court will then call the names of the jurors who have been selected, and they shall take a seat in the jury box. The remaining panel will be excused, and the selected jury will be sworn.

Opening statements are generally limited to twenty (20) minutes per side. Closing arguments generally are limited to thirty (30) minutes per side. Parties requesting more time for these presentations must seek leave of Court at the pretrial conference. During opening statement, counsel may refer to the contents of, and show the jury, exhibits — provided that counsel is unaware of a genuine issue as to the admissibility of the exhibit into evidence and counsel genuinely expects that each such exhibit will be admitted into evidence.

It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern. During trial, a portable microphone is available that will allow counsel to move about the courtroom.  Any witness not testifying from the witness stand must also use a portable microphone.

Counsel should refrain from making disparaging remarks or displaying ill will toward other counsel, and from causing or encouraging any ill feeling among the litigants. Counsel and litigants are to refrain from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court.

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods, or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and pre-marked before trial in compliance with Local Rule 16.4, NDGa. A notebook containing pre-marked copies of all exhibits should be tendered to the Courtroom Deputy Clerk prior to the start of trial for use by the Judge on the bench during proceedings.  The original set used by witnesses will be retained by the Clerk for docketing.  Also, prior to trial, all parties must provide the Court both a list of all witnesses such party may call and a numbered list of all exhibits which said party may seek to admit.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and, thus, out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would

provide the Court with a small (e.g., letter or legal-sized) copy of the exhibit or board so that the Court can view its contents.

All papers intended for the Judge should be handed to the Courtroom Deputy Clerk, Ms. Lee, who will pass them to the Judge. Counsel are not required to obtain permission from the Judge to approach a witness in order to show the witness an exhibit or other document.

Only one attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness. Only one attorney for each party may address the Court during the charge conference.

Examination of a witness should be limited to questions addressed to the witness. Counsel are to refrain from making extraneous statements, comments, or remarks during examination.

Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an

objection that is likely to be sustained. Such matters should be taken up with the Court outside the presence of the jury.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at sidebar. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Judge.

Counsel are prohibited from addressing comments or questions to each other. All arguments, objections and motions should be addressed to the Court.

The Court expects five (5) to six (6) hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

### n.   **Jury Charges**

Ordinarily, the Court will charge the jury after closing argument. The parties must file, and email to the Courtroom Deputy Clerk in Microsoft Word

format, a single, unified set of proposed jury instructions on the law applicable to the specific case.  These instructions must be filed no later than the morning of day one (1) of the trial.  Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction. The Court will not accept supplemental jury charges from the parties that are submitted later than a day prior to the end of trial, unless manifest justice so requires. The parties must orally request leave of court to file supplemental jury charges. The jury will be provided with a written copy of the jury charge.

This 6th day of April, 2020.


_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE